■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANTHONY CARILLO, Respondent.— Appeal from an order of the Supreme Court, Queens County, dated September 15, 1967, which granted defendant's motion insofar as it was to dismiss the indictment. Order reversed, on the law, and motion denied insofar as it is to dismiss the indictment and granted insofar as it is for inspection of the Grand Jury minutes. No questions of fact were considered. An indictment under subdivision 6 of section 600 of the former Penal Law may not be dismissed on the ground that defendant, who had been granted immunity pursuant to section 2447 of the former Penal Law, had not been directed by a court to answer questions before a Grand Jury (*People* v. *Riela,* 7 N Y 2d 571). Beldock, P. J., Christ, Brennan, Rabin and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THOMAS EBOLI, Respondent.— Appeal from an order of the Supreme Court, Queens County, dated September 14, 1967, which granted defendant's motion insofar as it was to dismiss the indictment. Order reversed, on the law, and motion denied insofar as it is to dismiss the indictment and granted insofar as it is for inspection of the Grand Jury minutes. No questions of fact were considered. An indictment under subdivision 6 of section 600 of the former Penal Law may not be dismissed on the ground that defendant, who had been granted immunity pursuant to section 2447 of the former Penal Law, had not been directed by a court to answer questions before a Grand Jury (*People* v. *Riela,* 7 N Y 2d 571). Beldock, P. J., Christ, Brennan, Rabin and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MICHAEL MIRANDA, Respondent.— Appeal from an order of the Supreme Court, Queens County, dated September 15, 1967, which granted defendant's motion insofar as it was to dismiss the indictment. Order reversed, on the law, and motion denied insofar as it is to dismiss the indictment and granted insofar as it is for inspection of the Grand Jury minutes. No questions of fact were considered. An indictment under subdivision 6 of section 600 of the former Penal Law may not be dismissed on the ground that defendant, who had been granted immunity pursuant to section 2447 of the former Penal Law, had not been directed by a court to answer questions before a Grand Jury (*People* v. *Riela,* 7 N Y 2d 571). Beldock, P. J., Christ, Brennan, Rabin and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LILLIAN MAE SMITH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 12, 1967, convicting her of violation of the Public Health Law with respect to narcotic drugs, as a felony, upon a jury verdict. Judgment affirmed. No opinion. Beldock, P. J., Brennan, Rabin and Munder, JJ., concur; CHRIST, J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum: In my opinion, the trial court's unnecessary inquiries to the People's witnesses about sales of narcotics, its remark that a serious inconsistency in the testimony of Detective Brown "has no real bearing on the issues," and its personal rehabilitation of Brown, after his inconsistent statements at the preliminary hearing were brought out by the defense, may have tipped the scales against defendant in this close case, the critical issue being Brown's credibility (*People* v. *Donovan,* 13 N Y 2d 148, 153–154; *People* v. *Kingston,* 8 N Y 2d 384, 387; *People* v. *Mendes,* 3 N Y 2d 120; *People* v. *Mleczko,* 298 N. Y. 153, 162–163). In the interests of justice there should be a new trial.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GARDNER WADE, Respondent.— Appeal from an order of the Supreme Court, Kings County, dated April 5, 1968, which granted defendant's motion to dismiss the indictment and transferred the matter to the Family Court. Order modified,